OPINION OF THE COURT
Memorandum.
Judgment and order affirmed, without costs.
In our opinion, the court below correctly determined that the notice of claim served pursuant to section 50-e of the General Municipal Law was defective but that the defen *123 dont was not prejudiced thereby. The defendant has questioned whether the Civil Court had the jurisdiction to disregard the defendant pursuant to subdivision 6 of section 50-e of the General Municipal Law in view of subdivision 7 thereof which provides that “All applications under this section shall be made to the supreme court or the county court”.
A review of the legislative history of section 50-e of the General Municipal Law discloses that prior to the general revision of the statute in 1976, all applications for leave to serve a late notice of claim could only be made by formal motion to the Supreme Court or the County Court (see former General Municipal Law, § 50-e, subd 5). At the same time, however, any court was empowered to correct or disregard a mistake, omission, irregularity or defect in a notice of claim (see former General Municipal Law, § 50-e, subd 6; Hopkins v East Syracuse Fire Dist., 49 Misc 2d 197, 202). Such relief could be granted at or before trial. However, pretrial relief could only be sought by formal motion.
In 1976, a new subdivision 7 was enacted which, as amended in 1978, provides as follows: “7. Applications under this section. All applications under this section shall be made to the supreme court or to the county court: (a) in a county where the action may properly be brought for trial, (b) if an action to enforce the claim has been commenced, in the county where the action is pending, or (c) in the event that there is no motion term available in any of the counties specified in clause (a) or (b) hereof, in any adjoining county. Where the application is for leave to serve a late notice of claim, it shall be accompanied by a copy of the proposed notice of claim” (emphasis added).
In view of the clear language of subdivision 7, we are of the opinion that said subdivision mandates that all applications theretofore required by subdivisions 5 and 6 to be made by formal motion, to wit, pretrial applications, are to be made only in the Supreme Court or County Court as was previously the case with subdivision 5 applications for relief. However, there is nothing in subdivision 7 or the legislative memoranda submitted in support thereof, to indicate that it was intended to abrogate the pre-existing power of the Trial Judge in courts other than the Supreme *124 Court or County Court from granting an oral motion made at trial for subdivision 6 relief to correct or disregard a defective notice of claim. To hold that the trial court was without power to grant the requested relief, and that plaintiffs’ only remedy, in the midst of the jury trial, was to seek a Supreme Court order permitting the Civil Court to disregard the defect in the notice of claim, would bring about a ludicrous result which the Legislature never intended.
The jury verdict in favor of the defendant against plaintiff Thomas Maiello dismissing his derivative cause of action was properly set aside for the reasons stated in the opinion of the court below.
Buschmann, J. P., Hirsch, and Kunzeman, JJ., concur.