■ MARY REHFUSS, Respondent, v CITY OF ALBANY, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered June 4, 1985 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff sustained injuries in a fall caused by a 1¼-inch metal protrusion in the sidewalk, apparently the remains of a sheared-off metal signpost. In this action to recover for those injuries, defendant seeks summary judgment based on Local Laws, 1953, No. 1 of City of Albany, which requires that notice be given to defendant as to defects or obstructions of sidewalks. Defendant maintains that the failure to give it prior written notice of the defect requires dismissal of the complaint.

Notice provisions, such as the one contained in the local law involved in this case, are in derogation of the common law and must be strictly construed (Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362). They are inapplicable in some circumstances, including, among others, situations where the municipality has itself precipitated the accident by its own affirmative act (Haviland v Smith, 91 AD2d 764; see, Klimek v Town of Ghent, 114 AD2d 614) or where the defective condition constitutes a special use of the sidewalk or street.

Plaintiff alleges in her opposing papers that defendant, by its affirmative actions, created and/or caused the dangerous condition. These allegations raised triable issues of fact and, therefore, the motion was properly denied. We also note that pretrial proceedings have not yet taken place. The defenses to this action remain within the exclusive knowledge and control of defendant. In such instances, summary judgment is not justified since discovery is likely to produce the information necessary to establish plaintiff's cause of action (see, Mack v Arnold Gregory Mem. Hosp., 90 AD2d 969).

Order affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.