(June 9, 1987)

■ LUCILLE MITCHELL, Respondent, v CITY OF NEW YORK,

Appellant.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered on April 18, 1986, which denied both plaintiff's motion to strike defendant's answer and defendant's cross motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e, is unanimously modified, on the law and facts, solely to the extent of granting defendant's cross motion, and otherwise affirmed, without costs or disbursements.

On January 18, 1985, the plaintiff, who had allegedly sustained injuries as a result of a fall on the street, served a notice of claim upon the Comptroller of defendant city, which stated: "That the accident occurred on November 21, 1984 at approximately 7:20 P.M. at First Avenue between 105th and 106th Streets, New York, New York. That the City of New York, its agents, servants and/or employees were negligent in the manner in which they owned, operated and maintained the public street and more particularly in that the street was broken, chipped, cracked, uneven, holely and otherwise defective and dangerous to persons lawfully debarking from buses, motor vehicles, etc.; the City of New York was further negligent in failing to properly inspect and post adequate warnings of the said dangerous and defective conditions to persons lawfully and properly on the public streets."

On February 4, 1985, the Comptroller's office sent a supplemental claim form to plaintiff requesting a more detailed statement regarding the location of the accident, but this form was never returned by plaintiff.

A claim with the New York City Transit Authority had also been filed by plaintiff and a hearing regarding that claim was held, but defendant city was not a party to that hearing nor was a city representative present.

On August 5, 1985, the plaintiff commenced this personal injury action against the city, seeking $3,000,000. While the summons noted that the accident occurred on First Avenue between 105th and 106th Streets, the complaint identified the location of the accident mistakenly as being between 105th and 106th Streets on Fifth Avenue. In its answer the city alleged as an affirmative defense that plaintiff's notice of claim was insufficient since it failed to comply with the requirement of section 50-e of the General Municipal Law, in that it did not list a specific location of the alleged accident. In its demand for a bill of particulars the city once again requested a more exact description of the location of the accident.

Plaintiff's bill of particulars stated, *inter alia,* that the accident occurred on the easterly side of First Avenue between 105th and 106th Streets and that "[t]he said accident occurred while plaintiff was debarking from a bus and was caused to trip and fall as a result of the dangerous, defective and trap-like conditions of the public street on the said bus stop."

Plaintiff moved to have the city's answer stricken and the city cross-moved for a dismissal of the complaint based upon the plaintiff's failure to comply with section 50-e of the General Municipal Law.

The Supreme Court denied both the motion and the cross motion, finding that the bill of particulars identified the accident scene with sufficient particularity so that the city was able to conduct an adequate investigation. We disagree with that finding.

Section 50-e (2) requires, *inter alia,* that the notice of claim set forth "the time when, the place where and the manner in which the claim arose", in order to assure the city reasonable opportunity to conduct a full and effective investigation of any potential claims against it. However, General Municipal Law § 50-e (6) grants the lower courts discretion to permit amendments of deficiencies in a notice of claim unless prejudice has befallen the city.

The notice of claim herein failed to describe the accident location with sufficient particularity to enable the city to conduct a proper investigation of the actual accident site and otherwise assess the merits of the claim. The notice merely stated that the accident occurred at First Avenue between 105th and 106th Streets in New York City. This alone was wholly insufficient in view of the lack of reference to any address on the street, which side of the street the accident occurred on, or even if the accident occurred in the street or on the sidewalk. The inadequacy of this description alone was enough to merit its rejection pursuant to the statute.

In addition, when the summons and complaint were eventually filed, they did no more than the notice to describe the location of the accident. The fact raised by plaintiff that the notice of claim mentioned that the area was dangerous to people debarking from buses and motor vehicles was of little help considering that people can debark from motor vehicles at any point on either side of the block.

*Mayer v DuPont Assocs.* (80 AD2d 799) is not to the contrary. There, although we held that the notice of claim com-

plied with the requirements of section 50-e because the lack of specificity was inadvertent and was not calculated to confuse or mislead, we specifically noted that while the city had not made any showing of any attempt to investigate the claim, specific information was readily available from a police accident report and photographs of the accident site provided at the Comptroller's hearing. Here, the plaintiff was given several opportunities to rectify the inadequacies of the notice of claim and did not do so. Plaintiff and her attorneys knew of the city's objection to lack of specific information when the Comptroller's office requested further information in the supplemental claim form. The plaintiff ignored this request for clarification of the location of the accident. Moreover, plaintiff had another opportunity to rectify the inadequacy when the summons and complaint were served, but once again failed to do so.

The bill of particulars gave more details as to location but this was served almost 14 months after the accident and over a year since the original notice of claim had been filed. Additionally, while this response disclosed that the accident occurred while the plaintiff was debarking from a bus, it could not be ascertained even from this response whether it was while the plaintiff was immediately debarking from the bus, or on the street or on the curb.

Under the circumstances, the defendant city was plainly prejudiced by the plaintiff's unexplained failure to comply with the provisions of General Municipal Law § 50-e, and the nisi prius court abused its discretion, therefore, in denying defendant's cross motion to dismiss the complaint. Concur—Murphy, P. J., Sullivan, Ross, Asch and Wallach, JJ.