■ NANCY L. TYNER, Appellant, v CITY OF BUFFALO, Respondent.—Order unanimously reversed on the law with costs and complaint reinstated. Memorandum: Special Term erred in dismissing plaintiff's complaint upon the grounds that the City of Buffalo had not received prior written notice of the defect which allegedly caused plaintiff's accident and injuries (City of Buffalo Charter, art 20, § 362). Plaintiff's complaint alleges in substance that defendant was liable by reason of its failure to properly post or maintain signs warning users of Bird Avenue that it was restricted to one-way traffic. The Court of Appeals and this court have consistently held that prior written notice requirements such as those authorized by General Municipal Law § 50-e (4) are limited to surface defects of roadways and sidewalks and do not extend to the posting or maintaining of signs (Alexander v Eldred, 63 NY2d 460; Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362; Gould v County of Orleans, 115 AD2d 265). The City of Buffalo's attempt to expand the prior written notice requirement to include notice of defective traffic controls or signals is beyond that which is permitted by General Municipal Law § 50-e (4). Therefore, it is unconstitutional (see, Zumbo v Town of Farmington, 60 AD2d 350). (Appeal from order of Supreme Court, Erie County, Mintz, J.—dismiss complaint.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.