■ JOSEPH CALIA, an Infant, by His Mother and Natural Guardian, MILDRED CALIA, et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Lerner, J.), dated August 1, 1988, which granted the defendants' motion to dismiss the complaint for failure to serve a proper notice of claim, and (2) a judgment of the same court, dated September 7, 1988, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and the defendants' motion is denied; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

General Municipal Law § 50-e (2) provides, *inter alia,* that a notice of claim must set forth the time, the place, and the manner in which the claim arose. The municipality must be given a sufficient basis upon which to conduct an investigation while the acts surrounding the incident are still fresh in the minds of any witnesses *(see, O'Brien v City of Syracuse,* 54

NY2d 353). Measured by this standard, the plaintiffs' notice of claim was plainly inadequate because it specified only the date and time of the accident and the fact that the plaintiff was injured at John Adams High School as the result of the negligence of the New York City Board of Education. Nevertheless, the trial court should not have focused solely on the notice of claim and dismissed the complaint as a matter of law on the eve of trial. Rather, the trial court should have examined the factual circumstances of the instant case (General Municipal Law § 50-e [6]). Clearly, the Comptroller's hearing, which occurred within four months of the injury, gave the defendants sufficient information to investigate the accident before any prejudice resulted, since the plaintiffs specified at the hearing that their claim was for damages for personal injuries which resulted from a slip and fall on stairs at a specified location at John Adams High School. Moreover, during the hearing, the plaintiffs produced three photographs of the stairway in question. Therefore, since there is no allegation of bad faith on the part of the plaintiffs, the defendants' motion should have been denied. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.