■ Fabio Basile, an Infant, by His Father, Giuseppe Basile, et al., Appellants, v City of New York, Respondent.— Order, Supreme Court, Bronx County, (Hansel McGee, J.), entered September 8, 1988, which, *inter alia,* denied plaintiffs' motion to strike the affirmative defenses contained in paragraphs 10 and 11 of the defendant's answer, is unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of granting only that part of plaintiffs' motion which seeks to strike the affirmative defense contained in paragraph 10 of defendant's answer, which alleges that the "notice of claim failed to state the nature and substance of the alleged occurrence", and, except as thus modified, otherwise affirmed, without costs.

On August 29, 1985, 12-year-old Fabio Basile (infant) was in a park owned and operated by the City of New York (City), which was located at Hughes Avenue, between 187th and 188th Streets, in Bronx County. While in that park, the infant

allegedly fell from a playground apparatus, known as the "rings", to the landing surface of same, and, as a result, suffered injuries, which included a broken left arm and wrist.

Within 90 days of this accident, as required by the General Municipal Law § 50-e, on November 12, 1985, a notice of claim was filed, upon behalf of the infant and Mr. Giuseppe Basile, who is his father, with the City.

Subsequently, in June 1986, Mr. Basile, upon behalf of his infant son and himself (plaintiffs), commenced, in the Supreme Court, Bronx County, an action against the City (defendant) to recover damages for the infant's injuries and the loss of his services and society.

Following the joinder of issue, plaintiffs served a bill of particulars. Thereafter, plaintiffs moved to either strike the affirmative defenses contained in paragraphs 10 and 11 of the defendant's answer, which allege in paragraph 10 that the "notice of claim failed to state the nature and substance of the alleged occurrence" and in paragraph 11 that the complaint fails to state a cause of action, or, in the alternative, grant plaintiffs leave to file an amended notice of claim. Defendant opposed, and the IAS court denied that motion in its entirety.

After our examination of the notice of claim, we conclude that the plaintiffs allege, in substance, that the infant was injured on August 29, 1985, in the park, when he used a "dangerous apparatus" which had an "improper landing surface". Further, our review of the record indicates, in pertinent part, that the subject park contained two playground apparatuses, which were known as the "rings" and "jungle jim", "and the landing surface was the same for either [sic] of these".

In view of the facts, that the plaintiffs clearly contend in their notice of claim that the allegedly offending apparatus had an "improper landing surface", and that there were only two apparatuses in the park, which shared the same landing surface, we find that defendant was not prejudiced, since the information provided by the notice of claim "was adequate to enable the defendant to locate the defect and investigate the claim" (Bravo v City of New York, 122 AD2d 761 [1986]). In other words, we find "[i]t is manifest on the record that the city acquired actual knowledge of the essential facts constituting the claim" (Matter of Gerzel v City of New York, 117 AD2d 549, 550 [1st Dept 1986]).

Based upon the analysis, supra, we find that the IAS court erred and, accordingly, we modify the IAS order to the extent

of granting that part of the plaintiffs' motion which seeks to strike the affirmative defense contained in paragraph 10 of the defendant's answer, which alleges that the "notice of claim failed to state the nature and substance of the alleged occurrence", and otherwise affirm, and we hold that the notice of claim gave the defendant sufficient information so that the defendant could locate the scene of the accident. Concur— Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.