■ GLADYS RIVERA, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered January 26, 1990, which, *inter alia,* denied that portion of plaintiff's motion which sought to leave to strike defendant's fourth affirmative defense, unanimously modified, on the law, the motion granted, and the fourth affirmative defense stricken, and otherwise affirmed, without costs.

On September 1, 1988, plaintiff-appellant Gladys Rivera sustained physical injuries, among them a fractured clavicle, when she tried to exit an elevator at 2663 Heath Avenue, in Bronx County; the subject building is owned and operated by defendant-respondent New York City Housing Authority (Housing Authority). By order entered January 26, 1989, Supreme Court, Bronx County (Lewis R. Friedman, J.), plaintiff was granted leave to file a late notice of claim, finding, *inter alia,* that "it [is] difficult to believe that a delay of a mere sixteen days in filing a notice of claim could result in prejudice to the agency." This determination was appropriate and consistent with this court's holdings. *(See, e.g., Matter of Parco v City of New York,* 160 AD2d 581, 582-583 [1st Dept 1990].)

Plaintiff thereafter duly served a notice of claim which stated that "[t]he accident occurred on September 1, 1988 while exiting the elevator at 2663 Heath Avenue, Bronx, N.Y. The elevator did not stop even with the floor and I was caused to fall." On August 23, 1989, plaintiff served the Housing Authority with a summons and verified complaint which specifically alleged that while "lawfully riding the elevator to the lower level * * * the elevator stopped at a point uneven with the lower level causing plaintiff to trip and fall as she exited the elevator."

In its answer, defendant alleged as an affirmative defense that plaintiff's notice of claim was insufficient because it did not comply with General Municipal Law § 50-e, which requires a plaintiff to state the specific location and instrumentalities involved in an accident. By order entered September 29, 1989 (Hansel McGee, J.), plaintiff was granted leave to serve an amended notice of claim. This she did, on October 27, 1989. The amended notice of claim stated: "The accident occurred on September 1, 1988 at approximately 11:30 p.m., while I was exiting *the elevator, in the lower lobby area, nearest Bailey Avenue, at 2663 Heath Avenue, Bronx, New York. The elevator was the one to the left as you stand in the lower lobby.* The elevator did not stop even with the floor and I was caused to fall." (Emphasis added.)

Plaintiff thereafter moved to strike defendant's affirmative defense, or in the alternative, for permission to further amend the notice of claim if the IAS court ruled that the amended notice of claim lacked specificity. The Housing Authority opposed, based upon the alleged lack of specificity concerning the place of occurrence in the original notice of claim; however, the Housing Authority did not challenge the IAS court's

order permitting plaintiff to file an amended notice of claim, nor did it refer to, or question the sufficiency of, the amended notice of claim.

The IAS court denied that part of plaintiff's motion which sought to strike the fourth affirmative defense, i.e., that which is in issue on this appeal, summarily holding, "[t]he issue of whether or not the location described in the notice of claim is sufficiently specific is a viable one." We find ourselves in disagreement with this conclusion and accordingly reverse.

It was proper to allow plaintiff to amend her notice of claim, under the facts and circumstances of this case, which amply demonstrate that granting plaintiff leave to amend did not result in any prejudice to the Housing Authority. (General Municipal Law § 50-e; *see, Mitchell v City of New York,* 131 AD2d 313, 315-316 [1st Dept 1987].) The amended notice of claim, insofar as the precise location of an instrumentality involved, was specific to the point of eliminating any possible confusion. In any event, the original notice of claim was sufficiently particular to assure the Housing Authority a reasonable opportunity to conduct a full and effective investigation of plaintiff's claims concerning the elevator, which was one of but two in the subject building. *(Bravo v City of New York,* 122 AD2d 761 [2d Dept 1986].) Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.