■ JOANNE ADAMS, Appellant, v TOWN OF LISBON, Respondent, et al., Defendant. (And Two Third-Party Actions.)—Mercure, J. Appeal from an order of the Supreme Court (Duskas, J.), entered January 31, 1990 in St. Lawrence County, which granted defendant Town of Lisbon's motion for summary judgment dismissing the complaint against it.

Plaintiff commenced this action against, *inter alia,* defendant Town of Lisbon (hereinafter defendant) to recover for injuries she sustained on February 7, 1988 when the car in which she was riding left Dollar Road at a point near the line dividing the Towns of Lisbon and Oswegatchie, St. Lawrence County, and struck a tree. Plaintiff's theory of liability is that defendant was negligent in failing to advise the Town of Oswegatchie of the need for warning signs and in permitting a tree to stand within the highway right-of-way in the area of the accident. Defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion upon the grounds that plaintiff failed to comply with the prior notice requirements of defendant's Local Laws, 1979, No. 1 of the Town of Lisbon and did not produce evidence of defendant's negligence in constructing or maintaining the roadway. Plaintiff appeals.

Initially, we disagree with Supreme Court's conclusion that plaintiff's failure to comply with defendant's prior notice law defeats her action as a matter of law. Turning first to the contention that defendant's local law required notice of the allegedly deficient signing, we note that while it does require prior written notice in the case of a "sign or device * * * being defective, out of repair, unsafe, dangerous, or obstructed", the law makes no reference to a failure to place a sign where needed. More significantly, it is now clear that General Municipal Law § 50-e (4) does not permit municipalities to enact local laws requiring prior notice other than in the case of physical conditions of streets and sidewalks which do not immediately come to the attention of municipal officers, and that a municipality may not require prior notice of a failure to erect or maintain traffic control devices *(see, Hughes v Jahoda,* 75 NY2d 881; *Alexander v Eldred,* 63 NY2d 460, 467; *Tyner v City of Buffalo,* 152 AD2d 978; *Ramundo v Town of Guilderland,* 142 AD2d 50, 53). Cases holding to the contrary *(see, e.g., Rich v Town of Queensbury,* 88 AD2d 1027; *Canzano v Town of Gates,* 85 AD2d 878; *Klimek v Town of Ghent,* 71 AD2d 359, *lv denied* 71 NY2d 801) do not reflect the current status of the law.

We take a contrary view, however, with respect to the claim of negligence in permitting a tree to exist within the highway right-of-way, a physical condition which would not ordinarily come to the attention of Town officers unless they were given actual notice thereof *(see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917, 919 [prior notice statute held to apply in case of injury from low-lying tree branch]). Defendant's motion was properly granted with regard to that claimed defect.

Finally, we reject the contention, not considered by Supreme Court, that summary judgment was properly granted because of the insufficiency of plaintiff's notice of claim. While plaintiff failed to sufficiently identify the place where the accident occurred and the nature of defendant's claimed negligence, good faith omissions and defects in a notice of claim may be corrected in the absence of prejudice *(see,* General Municipal Law § 50-e [6]). There is no competent evidence in the record to support a finding that defendant was prejudiced or that the error was not made in good faith, and the notice of claim was adequately supplemented at a General Municipal Law § 50-h hearing conducted June 14, 1988 and in a subsequent bill of particulars *(see, Merchant v Town of Halfmoon,* 168 AD2d 776; *Calia v Board of Educ.,* 154 AD2d 640, 641;

*Glekel v City of New York,* 151 AD2d 231; *cf., Mitchell v City of New York,* 131 AD2d 313, 315-316).

Order modified, on the law, with costs, by reversing so much thereof as granted the motion dismissing the complaint based upon a failure of defendant Town of Lisbon to cause warning signs to be posted; deny the motion regarding said claim; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.