■ FRANK KELLY, an Infant, by His Mother and Natural Guardian, FRANCES KELLY, et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant, and LANDSITE CONTRACTING CORP., Respondent.—Order of the Supreme Court,

Bronx County (Barry Salman, J.), entered on November 16, 1989, which denied both the motion by defendant City of New York for judgment notwithstanding the verdict and the cross-motion by plaintiff to vacate the jury's finding of no liability on the part of codefendant Landsite Contracting Corp. and to set aside the award of damages as inadequate, is unanimously modified on the law to the extent of granting defendant's motion for judgment notwithstanding the verdict and dismissing the complaint, and otherwise affirmed, without costs or disbursements. The clerk is directed to enter judgment in favor of defendant-respondent-appellant dismissing the complaint.

This lawsuit arises out of a fall sustained by plaintiff Frank Kelly, then a high school student, on October 6, 1982 on a sidewalk at the corner of Pelham Parkway North and Bronxwood Avenue in the Bronx, resulting in a fracture of his right ankle. In his complaint, plaintiff alleged, in part, that defendant City of New York had either negligently repaired the sidewalk section in question, affirmatively created a hazardous condition or negligently maintained the sidewalk. Thereafter, he commenced a separate action against defendant Landsite Contracting Corp., subsequently consolidated with the matter against the City, asserting that the company had created a defective sidewalk condition in the course of installing catch basins pursuant to a contract with the City and had negligently failed to restore the sidewalk to a safe state. The case eventually proceeded to a trial, at the conclusion of which the jury unanimously held that the City was 75 percent liable, that plaintiff had been 25 percent in comparative fault for his injuries and that defendant Landsite was not at all negligent in performing work at the accident site. In that regard, the jury awarded plaintiff $35,000 minus the 25 percent attributable to plaintiff's fault. The City then moved for judgment notwithstanding the verdict to dismiss the complaint, while plaintiff objected both to the finding of no liability against Landsite and the purportedly inadequate amount of damages. Although the Supreme Court denied the respective motions in full, a review of the evidence at trial supports the City's contention that since there was no indication that it had undertaken or engaged in any work at the location of the accident except through its contractor, Landsite, and the jury had deemed the latter not to be negligent, the so-called Pothole Law (Administrative Code of City of New York § 7-201 [c] [2]) precluded the imposition of liability upon the City.

Section 7-201 (c) (2) of the Administrative Code mandates

prior written notice as a condition precedent to bringing an action against the City of New York for personal injuries attributable to a sidewalk defect or obstruction. Thus, the failure to plead and prove such written notice requires dismissal of the complaint *(Laing v City of New York,* 133 AD2d 339, *affd* 71 NY2d 912). Absent this essential notice of a defective condition or obstruction, the City is insulated from liability due to nonfeasance (that is, for not repairing or maintaining a sidewalk or roadway) and may be held responsible only for affirmative acts of negligence *(Barry v Niagara Frontier Tr. Sys.,* 35 NY2d 629; *Zinno v City of New York,* 160 AD2d 795, *lv denied* 76 NY2d 708). As defendant aptly notes, lack of compliance with the statutory requirement will be excused on the ground of actual notice only in the narrowest of circumstances, such as where the accident occurred during a construction project at which a municipal inspector was present on a sufficient basis to ensure against precisely the danger that caused the ensuing injury *(see, Kirschner v Town of Woodstock,* 146 AD2d 965; *Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875).

In the instant situation, it is undisputed that there was no prior written notice of the purported defective sidewalk. Moreover, there was absolutely no evidence introduced at trial to demonstrate any active negligence by defendant City in connection with the accident site or that the City had itself engaged in any work, and its contractor was exonerated from fault. Indeed, plaintiff, at one point conceded that there were no facts establishing direct responsibility for the subject pothole by the City and initially endeavored to hold defendant liable for the supposed negligence of its contractor under a theory of *respondeat superior.* However, the proof revealed that the City's inspector was there solely to assess the quality of the contractor's performance and to ensure the safety of the work place and not to examine the condition of the sidewalk, and, in any event, the inspector was not from the agency to which the written statutory notice must be furnished *(see, Laing v City of New York, supra).* As heretofore stated, without the requisite prior written notice, the City may not be found liable merely for failing to maintain or repair a sidewalk or roadway, and its fault herein, if any can be perceived, rests upon no more than nonfeasance, an insufficient basis for liability. Accordingly, defendant City should have been granted judgment notwithstanding the verdict dismissing the complaint against it. Concur—Murphy, P. J., Milonas, Ellerin, Kupferman and Rubin, JJ.