■ NESTOR ALVAREZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered December 6, 1990, which granted plaintiff's motion to dismiss defendant's fourth affirmative defense, and denied defendant's cross-motion for summary judgment, unanimously affirmed, without costs.

There is no merit to the fourth affirmative defense that the action is barred for failure to set forth the nature and location of the accident with sufficient specificity in the notice of claim. The information provided in the notice of claim " 'was adequate to enable the defendant to locate the defect and investigate the claim' " *(Basile v City of New York,* 156 AD2d 239, 240, quoting *Bravo v City of New York,* 122 AD2d 761), describing, as it did, a relatively small area as the location of the accident and supplemented, as it was, by more detailed information at the statutory hearing conducted within four months of the accident *(compare, Mitchell v City of New York,* 131 AD2d 313 [location described entire city block]). As the IAS court found, any omission or defect in the description of the location was corrected by the hearing, without prejudice to defendant (General Municipal Law § 50-e [6]; *Capo v City of New York,* 166 AD2d 201).

Nor is there any merit to defendant's argument that plaintiff was attempting to change the theory of liability. Concur—Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.