■ KIM LORD, Respondent, v NEW YORK CITY HOUSING

AUTHORITY, Appellant.—Order of the Supreme Court, New York County (Eugene Nardelli, J.), entered April 9, 1991, which denied defendant's motion to dismiss the complaint for failure to serve an adequate notice of claim pursuant to section 50-e of the General Municipal Law and granted plaintiff's cross-motion to renew and, upon renewal, granted leave to amend her notice of claim, unanimously affirmed, without costs.

Plaintiff alleges that she sustained injury on September 19, 1989 while exiting an elevator in a building under the operation and control of defendant New York City Housing Authority. A notice of claim was timely served on October 27, 1989, giving the location of the incident as 888 Park Avenue, New York, New York. Defendant thereupon determined that it owns no building at that location. On January 10, 1990, a statutory hearing pursuant to General Municipal Law § 50-(h) was held during which, defendant alleges, it first learned that the accident occurred at its building located at 888 Park Avenue, *Brooklyn,* New York. In permitting amendment of the notice of claim (General Municipal Law § 50-e [6]), Supreme Court determined that defendant was prejudiced by the inaccurate notice but received correct information within a reasonable time pursuant to the statutory criteria for filing of a late notice of claim (General Municipal Law § 50-e [5]). We affirm, but for a different reason than that stated by Supreme Court.

Upon a review of the record, we find no evidence to support the conclusion that the error was prejudicial to defendant, but we agree that the statutory hearing, held within four months of the accident, was adequate to supplement the notice of claim *(Adams v Town of Lisbon,* 170 AD2d 901; *Calia v Board of Educ.,* 154 AD2d 640 [hearing held within four months of injury]). Defendant does not contest that it owns and operates the building located at 888 Park Avenue, Brooklyn, New York. While the notice in question could undoubtedly have been more specific had the correct borough been designated, numerous cases have upheld notices under circumstances in which the municipal defendant, with a modicum of effort, could have determined the location of the defective condition alleged to have caused injury to the plaintiff *(Basile v City of New York,* 156 AD2d 239; *Maiello v City of New York,* 103 Misc 2d 1064, *affd* 113 Misc 2d 122).

Recently, in *Miles v City of New York* (173 AD2d 298), this court held that a defendant served with a notice of claim lacking in specificity is nevertheless responsible for knowing

the location of property under its control and reasonably applying that knowledge to supplement the information contained in the notice of claim to determine the precise location of the accident. We note that defendant herein owns and operates a limited number of buildings in the City of New York, and a comparison of the address given in the notice of claim with a list of the addresses of those buildings would quickly reveal the location of the accident. Moreover, defendant likewise has not demonstrated that it was prejudiced in receiving notice of the exact location at the time of the comptroller's hearing rather than in the notice of claim *(supra)*. Because the Housing Authority may be charged with knowledge of the location of all the buildings under its control and because the address correctly designates the location of a building concededly operated by defendant except for the incorrect designation of borough, we do not agree with defendant's contention that the failure to specify the precise location of the accident is "inherently" prejudicial under the circumstances of this case.

Finally, it is not contended that the mistake was anything but inadvertent or that it was calculated to mislead or confuse defendant. Concur—Sullivan, J. P., Rosenberger, Ross, Smith and Rubin, JJ.