■ JASON BISULCO, an Infant, by His Mother and Natural Guardian, MIRIAM BISULCO, et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Alfred Toker, J.), entered August 8, 1991, granting reargument and adhering to an earlier order of the same court and Justice, entered April 4, 1991, denying the motion of defendant City of New York ("City") for summary judgment dismissing the complaint, affirmed, without costs. Appeal from the earlier order dismissed as academic.

On May 24, 1986, nine year old Jason Bisulco fell on a Manhattan sidewalk and sustained a fracture of his right leg. Plaintiffs alleged, *inter alia,* that Jason fell against a 5-inch metal post which was protruding from the sidewalk and which had been left when the City removed the sign.

The City moved to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7) or, in the alternative, for summary judgment dismissing the action pursuant to CPLR 3212, solely based on plaintiffs' failure to allege or prove that defendant had had adequate notice of the defective condition

as required by Administrative Code of the City of New York § 7-201 (c) (2). The IAS Court denied the motion, finding that a parking sign constitutes a special use of the sidewalk which excepted it from the mandate of the cited statute.

We find that the IAS Court erred in finding that the installation of a parking sign on a city street is a special use bringing it out of the mandate of the statute. Nevertheless, it is well established that Administrative Code § 7-201 (c) (2), commonly known as the "Pothole Law," has no applicability to instances where it is claimed that the City was affirmatively negligent in causing or creating the defective condition, and a plaintiff is under no onus to either plead or prove notice *(see, Kelly v City of New York,* 172 AD2d 350, 352; *Rehfuss v City of Albany,* 118 AD2d 987).

In this case, in addition to claiming that the City had failed to maintain the sidewalk, plaintiffs' complaint stated a cause of action against the City for causing and creating the hazard by improperly removing the sign. Since failure to provide notice was the only basis for the City's motion to dismiss and/ or for summary judgment, that motion was clearly inapplicable to this cause of action. Moreover, at this point in the action, it is particularly inappropriate for this Court to *sua sponte* search the record and grant summary judgment on this cause of action since many of the underlying facts are within the exclusive knowledge and control of the defendant who erected and maintained the sign. At the least, plaintiffs should be afforded an opportunity by way of discovery to elicit the information necessary to establish their claim that the City removed the sign, including any information contained in the City's own records *(see, Rehfuss v City of Albany, supra,* 118 AD2d 987). The statements in the affidavits which the City has supplied to date establish only that, in the two years prior to the accident, the City received no complaints regarding the stump and made no repairs at that location and fail to establish that it was not the City which removed the sign, which is, for this cause of action, the salient factor. Concur—Sullivan, J. P., Ellerin and Rubin, JJ.

Wallach, J., dissents in a memorandum as follows: The infant plaintiff's hospital record, in this sidewalk personal injury action, only refers to his injury as being caused by a "runaway" bicycle. We assume, however, as do the majority and the parties to this appeal, that he was caused to fall and sustain injury by a sidewalk defect, namely, the five-inch, protruding stump of a sheared-off parking sign.

It is undisputed that the City never received prior notice of

this sidewalk hazard pursuant to Administrative Code of the City of New York § 7-201 (c) (2), familiarly known as the "Pothole Law". Ordinarily, the failure to plead and prove prior written notice to the municipality is fatal to a personal injury action arising from a sidewalk defect *(Cipriano v City of New York,* 96 AD2d 817), even where it is specifically alleged that the municipality may have "affirmatively created [the] hazardous condition" *(Kelly v City of New York,* 172 AD2d 350, 351).

Plaintiffs seek in vain to escape the bar of the Pothole Law by arguing that the parking sign constitutes a "special use" of the sidewalk. This contention does not avail to salvage plaintiffs' cause of action, since the prior written notice requirement of the Pothole Law embraces not only any City street and highway, but also "any encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or obstructed" (Administrative Code § 7-201 [c] [2]). Efforts have been rejected in attempting to carve out a special use exception from the coverage of the Pothole Law *(Meltzer v City of New York,* 156 AD2d 124) and similar local administrative code provisions *(see, Waters v Town of Hempstead,* 166 AD2d 584).

The Fourth Department decision in *Tyner v City of Buffalo* (152 AD2d 978), cited by plaintiffs, is entirely distinguishable and has no application here. *Tyner* held that the Buffalo City Charter's counterpart of the Pothole Law could not constitutionally be expanded to preclude a claim for a missing or inadequate traffic control or signal (i.e., the total absence of a one-way traffic sign), a claim entirely outside the scope of General Muncipal Law § 50-e (4). To the same effect, and similarly inapplicable, is the holding of *Doremus v Incorporated Vil. of Lynbrook* (18 NY2d 362 [failure to keep a stop sign in visible condition, which allegedly caused a vehicular collision]). The nonexistence of traffic control signage where due care demands its installation is far different from the deterioration of a sign (or any other instrumentality), the relict of which is itself alleged to provide an impediment or hazard to travellers upon the roadway surface.

The majority denies summary judgment in favor of discovery of City records on the issue of the City's allegedly negligent (i.e., incomplete) removal of the signpost. We note that the complaint (in both original and amended version) alleged in paragraph 29 that "Prior to May 24, 1986 [the date of the accident] defendant NEW YORK CITY removed said pole and sign but left a metal stump embedded in the said sidewalk which

was approximately five inches high." In paragraph 30, plaintiffs leveled the *identical* allegation against defendant Broad-Ell Associates, the owner, operator, manager, maintainer and repairer of the multiple dwelling fronting on the sidewalk in question. The City, in its answer, denied the allegation in paragraph 29.

In support of its summary judgment motion, the City presented affirmations by two employees of its Department of Transportation. The first, by the Director of the Department's Prior Notification Unit, stated that a search of the Unit's records had revealed no complaints regarding any defectively removed signposts or protruding sign-stumps at the location in question, filed during the two years preceding the date of the accident. The second, by a Technical Support Aide, stated that a search of records at the Department's Bureau of Traffic Operations revealed no orders relating to repair of any signposts or protruding sign-stumps at the location in question for the two years preceding the date of the accident.

As the majority's own cited authority suggests, summary judgment should be denied in such circumstances only where "discovery is likely to produce the information necessary to establish plaintiff's cause of action" *(Rehfuss v City of Albany,* 118 AD2d 987). Any factual issue as to the City's alleged involvement in negligent removal of the signpost has already been laid to rest by that defendant's unchallenged disclosure on the summary judgment motion.

I would grant reargument and dismiss the complaint.