■ NANCY HECKER, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [608 NYS2d 73] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 13, 1992, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action for personal injuries suffered as a result of a fall on a staircase in a building owned and operated by defendant New York City Housing Authority, plaintiff's notice of claim, alleging that she slipped and fell due to "wet, slippery, debris and cracked, broken and poorly lit" conditions in the stairway between the second and third floors, was sufficiently particular to allow a full and effective investigation of the staircase, which was one of but two in the building (cf., Rivera v New York City Hous. Auth., 169 AD2d 414, 416).

Concerning defendant's argument that the allegation of negligence on its part is too speculative to take before a jury, suffice it to say that at this stage of the litigation, in the absence of any evidentiary material other than plaintiff's testimony at the General Municipal Law § 50-h hearing, it is too early to say that plaintiff will not be able to prove causality and notice.

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to summary judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case, and failure to do so requires denial of the motion regardless of the sufficiency of the opposing papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Concur—Sullivan, J. P., Rosenberger, Ellerin and Rubin, JJ.