OPINION OF THE COURT
Robert C. Williams, J.
The infant plaintiff was injured while playing on a horizontal ladder in a playground owned by Sullivan County. She filed a complaint against the County alleging that it had *916 negligently maintained its playground equipment. As its fourth affirmative defense, the County claims that Local Laws, No. 9 bars this action because the County received no prior written notice of the alleged defect. The plaintiffs now move to dismiss that affirmative defense on the grounds that Local Laws, No. 12* is inconsistent with General Municipal Law § 50-e, and, therefore, the County may not make prior written notice a prerequisite to bringing this suit.
With respect to prior written notice, General Municipal Law § 50-e (4) provides that: "Requirements of section exclusive except as to conditions precedent to liability for certain defects or snow or ice. No other or further notice, no other or further service, filing or delivery of the notice of claim, and no notice of intention to commence an action or special proceeding, shall be required as a condition to the commencement of an action or special proceeding for the enforcement of the claim; provided, however, that nothing herein contained shall be deemed to dispense with the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, or of the existence of snow or ice thereon, where such notice now is, or hereafter may be, required by law, as a condition precedent to liability for damages or injuries to person or property alleged to have been caused by such condition, and the failure or negligence to repair or remove the same after the receipt of such notice.”
The Appellate Division, Third Department, has held that General Municipal Law § 50-e (4) "does not permit municipalities to enact local laws requiring prior notice other than in the case of physical conditions of streets and sidewalks which do not immediately come to the attention of municipal officers” (Adams v Town of Lisbon, 170 AD2d 901, 902 [1991]; Tyner v City of Buffalo, 152 AD2d 978 [1989]; compare, Walker v Town of Hempstead, 190 AD2d 364, 373 [1993]). A defective condition in a playground is clearly not a physical condition of a street, highway, bridge or sidewalk. Therefore, Adams (supra) requires dismissal of the fourth affirmative defense.
Further, the County has not shown that it had authority to supersede General Municipal Law § 50-e (see, Municipal Home Rule Law § 22 [2]).
The fourth affirmative defense is dismissed.

 Apparently, Local Laws, No. 9 was redesignated Local Laws, No. 12.