■ JOHN M. BOUCHER, Respondent-Appellant, v TOWN OF CANDOR, Appellant-Respondent, et al., Defendants. (And Another Related Action.) [649 NYS2d 959] —Mercure, J. P. Cross appeals from an order of the Supreme Court (Rose, J.), entered December 8, 1995 in Tioga County, which partially granted defendant Town of Candor's motion for summary judgment dismissing the amended complaint against it.

Plaintiff sustained the injuries forming the basis for these consolidated actions on July 13, 1993 when his motorcycle, which he was operating in a westerly direction on Williams Road in the Town of Candor, Tioga County, collided with an eastbound farm tractor and wagon operated by defendant Frank T. Zuke, III. The accident took place on a curve in the road and the claim of liability against defendant Town of Candor is premised upon its alleged negligence in failing to keep roadside vegetation mowed and cut down so as to permit proper visibility around the curve and to post adequate signs warning approaching traffic of the upcoming curve and advising a reduced speed. Following joinder of issue and depositions of plaintiff and Zuke, the Town moved for summary judgment dismissing the complaint against it upon the grounds that it

had received no prior written notice of any allegedly defective condition along Williams Road, a prerequisite to imposing civil liability under the provisions of Local Laws, 1988, No. 4 of the Town of Candor, and that the absence of curve warning or speed advisory signs was not a proximate cause of the accident. Supreme Court partially granted the motion, dismissing only the claim based upon overgrown vegetation. Plaintiff and the Town cross-appeal.

Initially, we agree with Supreme Court's conclusion that the claim based upon the Town's failure to mow or cut back roadside vegetation was subject to the Town's broad prior notice law, which required written notice as a prerequisite to an action arising out of "the defective, unsafe, out-of-repair, dangerous or *obstructed* condition * * * of any Town owned, leased or otherwise controlled * * * streets, roads [or] highways" (emphasis supplied; Local Laws, 1988, No. 4 of Town of Candor § 1). In view of the undisputed absence of prior written notice, that part of plaintiff's action was properly dismissed (*see, Federoff v Camperlengo*, 215 AD2d 806, 808; *Shepardson v Town of Schodack*, 195 AD2d 630, 631, *affd* 83 NY2d 894; *Levine v Sharon*, 160 AD2d 840, 841-842; *see also, Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917; *Adams v Town of Lisbon*, 170 AD2d 901, 902).

We now turn to the Town's cross appeal, which challenges the propriety of Supreme Court's denial of the summary judgment motion with regard to the claim predicated upon the Town's failure to post curve warning and/or speed advisory signs, a claim not subject to the Town's prior notice law (*see, Hughes v Jahoda*, 75 NY2d 881; *Adams v Town of Lisbon*, *supra*, at 902). The sharply contrasting deposition testimony of plaintiff and Zuke, the only known witnesses to the accident, was as follows.

During the summers of 1992 and 1993, Zuke worked as a farm hand at the Williams Road property of defendant Albert Talma, in the immediate vicinity of the accident. In connection with that employment, Zuke drove a tractor over Williams Road five or six times each day. In fact, the accident occurred on the third trip Zuke had taken on July 13, 1993. At the time of the accident, Zuke was driving a John Deere 4010 tractor, pulling a badger wagon. Zuke was very familiar with this tractor and indicated that it was in good mechanical condition. Zuke testified that he pulled out of a field onto Williams Road, drove at a speed of approximately 15 miles per hour for a short distance and, on the curve in question, pulled off to the right side of the road to have a cigarette and a drink of soda. While

he was completely stopped, he observed plaintiff approach from "about maybe four houses down", operating his motorcycle at a speed of 75 to 80 miles per hour. Zuke observed plaintiff for about 5 to 10 seconds and then looked down, "just mind[ing] my own business". While so occupied, Zuke "felt the tractor move backwards a little bit", heard someone yelling for help and looked to see plaintiff on the left side of the road, in a bank next to the barbed wire fence.

Plaintiff testified that he lived on Hubbard Hill Road, an extension of Williams Road. He estimated that on average he drove over Williams Road twice on a given day, by motorcycle in fair weather and by car otherwise. On July 13, 1993, plaintiff turned onto Williams Road from Kelsey Road and drove a distance of approximately $1/8$ to $1/4$ mile at a speed of approximately 35 miles per hour. When he came to the curve, he slowed down to 25 miles per hour and when he was about halfway around the curve, he saw the tractor approaching from a distance of about 100 feet, positioned right in the middle of the narrow road. Plaintiff pulled to the right side of the road and came to a full stop, but Zuke drove into him, the bucket on the front of the tractor striking his left leg and arm and the left side of his motorcycle and driving him backward.

Even resolving all of the inconsistencies in the foregoing testimony in favor of plaintiff and viewing the evidence in a light most favorable to him, we agree with the Town that the absence of curve warning or speed advisory signing was not a proximate cause of the accident. Notably, both drivers were intimately familiar with the road, so they required no warning of the upcoming curve (*see, Atkinson v County of Oneida*, 59 NY2d 840, 842; *Pateman v Asaro*, 203 AD2d 346; *Plantikow v City of New York*, 189 AD2d 805, 806; *Vasquez v Consolidated Rail Corp.*, 180 AD2d 247, 250-251, *lv denied* 80 NY2d 762). We do not join in Supreme Court's conclusion that Zuke's age (he was 17 at the time of the accident) and limited driving experience and his inconsistent testimony as to the nature of the roadway belied his familiarity, despite his having traveled the road "many times". Based upon Zuke's deposition testimony, it appears that he had traveled the relevant portion of Williams Road at least 250 times prior to the accident, and we attribute his imprecise testimony to nothing more than an apparent difficulty in estimating distances and lucidly describing physical features and bearings.

In addition, accepting plaintiff's testimony that he reduced his speed to 25 miles per hour when he entered the curve and there being no evidence that Zuke's speed ever exceeded 15

miles per hour, it appears that the speed advisory recommended by plaintiff's expert would have served no purpose. Fundamentally, the absence of a warning sign can be excluded as a cause if the participants' awareness of the condition would have led to the same course of conduct as if the sign had been present (*see, Vasquez v Consolidated Rail Corp., supra,* at 250). Under the circumstances, we conclude that Supreme Court erred in partially denying the Town's summary judgment motion.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant Town of Candor's motion; motion granted to the extent of also awarding summary judgment to defendant Town of Candor dismissing the claim against it based upon its failure to post curve warning and/or speed advisory signs; and, as so modified, affirmed.