■ SAMANDA B. ELTER et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [687 NYS2d 630] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered December 23, 1997, which denied plaintiffs' motion to serve a late notice of claim, unanimously modified, on the law and the facts, to the extent of directing defendant-respondent New York City Housing Authority to accept the original notice of claim filed September 24, 1996 and, except as so modified, affirmed, without costs.

Defendant New York City Housing Authority concedes that plaintiffs filed their original notice of claim on September 24, 1996. The notice alleges that, on June 27, 1996, as the result of a pavement defect on premises maintained by defendant-respondent, the infant plaintiff sustained severe but unspecified personal injuries. The site of the accident is identified only as "25 feet from the entrance of 1755 Bruckner Blvd., Bronx, New York." Thereafter, defendant City of New York held a General Municipal Law § 50-h hearing. Defendant-respondent Housing Authority rejected the notice of claim by letter dated October 1, 1996. By order to show cause dated October 20, 1997, plaintiffs sought leave to serve a late notice of claim (denominated an amended notice of claim) setting forth the location of the accident with greater specificity. Defendant City did not appear in opposition to the motion.

This Court regards the original notice, as supplemented by 16 attached photographs of the pavement defect and the surrounding area, to be adequate. Seven of the photographs depict the precise location in front of the building entrance from a variety of distances and perspectives, and four of the seven include arrows pointing to the defect in the pavement. Even the crude reproductions in the record reveal enough detail to permit the location of the defect to be ascertained in relation to the entrance to the building. It is simply incredible that any person with reasonable eyesight would be unable to locate the defect with the assistance of these photographs. As we stated in *Lord v New York City Hous. Auth.* (184 AD2d 406, 407), "the municipal defendant, with a modicum of effort, could have determined the location of the defective condition alleged to have caused injury to the plaintiff (*Basile v City of New York*, 156 AD2d 239; *Maiello v City of New York*, 103 Misc 2d 1064, *affd* 113 Misc 2d 122)." Whether plaintiffs are entitled to the benefit of the toll of infancy (General Municipal Law § 50-e [5]; § 50-i [1] [c]; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256) to render timely their motion to serve a late notice is therefore irrelevant.

Supreme Court noted several defects in the notice, including an inadequate description of the injuries alleged to have been sustained (*see, Baez v New York City Hous. Auth.*, 182 AD2d 554). However, defendant-respondent alleged only the lack of specificity as to the location of the defect in opposition to the motion and the failure to list the address of the infant plaintiff. A party may not "argue on appeal a theory never presented to the court of original jurisdiction" (*Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276, citing *Huston v County of Chenango*, 253 App Div 56, 60-61, *affd* 278 NY 646). As the residence of an infant is presumed to be that of the parent or guardian (*Quiala v Laufer*, 180 AD2d 31, 34, *lv dismissed* 80 NY2d 924) and defendant-respondent has come forward with no evidence to rebut the presumption (*Catlin v Sobol*, 77 NY2d 552, 559), the latter argument is without merit. Concur—Nardelli, J. P., Wallach, Lerner and Rubin, JJ.