Kales v City of New York (2019 NY Slip Op 01355)





Kales v City of New York


2019 NY Slip Op 01355


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


8507 155690/12

[*1]Konstandina Kales, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent.


Sacco & Fillas, LLP, Astoria (Albert R. Matuza, Jr. of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Dona B. Morris of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered June 13, 2017, which deemed defendant's motion for summary judgment dismissing the complaint a motion to dismiss pursuant to CPLR 3211(a)(7), granted the motion, and dismissed the complaint, unanimously affirmed, without costs.
No action may be maintained against the City of New York as a result of injury arising from a dangerous, defective, unsafe, or obstructed condition on its, inter alia, streets or sidewalks unless the City received prior written notice of such condition and failed to repair it within 15 days of such notice (Administrative Code of City of NY § 7-201[c][2]). Failure to "plead and prove" such prior written notice requires dismissal of the complaint (Katz v City of New York, 87 NY2d 241, 243 [1995]; Kelly v City of New York, 172 AD2d 350, 352 [1st Dept 1991]).
Plaintiff failed to assert in the notice of claim or plead in the complaint that defendant had prior written notice of the roadway defect that allegedly caused her accident. In any event, she does not dispute that the evidence submitted by the City established that it had received no such prior written notice.
Moreover, while an exception to the prior written notice requirement applies where the City caused or created the dangerous condition (Yarborough v City of New York, 10 NY3d 726, 728 [2008]), plaintiff never asserted such a theory in her notice of claim or complaint and she is precluded from doing so in opposition to defendant's motion after the statute of limitations has expired (Semprini v Village of Southampton, 48 AD3d 543, 544-545 [2d Dept 2008], citing Mahase v Manhattan & Bronx Surface Tr. Operating Auth., 3 AD3d 410, 411 [1st Dept 2004]). In any event, even if she could assert such a theory through the disclosure she served for her expert, as she seeks to do, his contention that the roadway "was foreseeably caused to deteriorate over time from weather conditions and vehicular traffic" is not the type of affirmative act of negligence "that immediately results in the existence of a dangerous condition" that is necessary to support the caused or created exception to the prior written notice requirement (Yarborough, 10 NY3d at 728).
Although defendant framed its motion as seeking summary judgment dismissing the complaint, because plaintiff failed to state a meritorious cause of action, Supreme Court did not err in treating it as a motion to dismiss pursuant to CPLR 3211(a)(7) (see Ganzenmuller v [*2]Incorporated Vil. of Port Jefferson, 18 AD3d 703, 704 [2d Dept 2005]) which may be made at any time (CPLR 3211[e]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK