■ DAVID V. VENEZIAN et al., Appellants, v CITY OF NEW YORK et al., Respondents.—Appeal from the order of the Supreme Court, New York County (Leland DeGrasse, J.), entered on January 9, 1990, which, *inter alia,* denied petitioners' application for leave to amend their notice of claim, is unanimously dismissed as superceded by the appeal from the order of June 19, 1990, without costs or disbursements.

Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered on June 19, 1990, which denied petitioners' motion to reargue and renew their prior application is unanimously reversed on the law, the facts and in the exercise of discretion to the extent of granting reargument and, upon reargument, granting the application for leave to amend the notice of claim, without costs or disbursements.

Petitioner David V. Venezian was a New York City Police Detective who, on October 23, 1988, was investigating an incident at 518 West 146 Street in Manhattan when he allegedly fell down a flight of stairs due to a defective condition thereon, causing him to sustain serious injuries requiring a permanent disability discharge. Police officers at the scene filed witness statement reports recounting the details of the occurrence; in addition, a police accident report was prepared. Petitioner was treated both at Columbia Presbyterian Hospital and by police surgeons. His subsequent notice of claim was served upon the City of New York and the New York City Housing Authority on January 20, 1989, within the mandated ninety day period. However, evidently as the result of an inadvertent typographical or clerical error, the site of the accident was incorrectly listed as 46th Street instead of 146th Street. Respondents thereafter advised petitioners that there was a problem with the notice of claim since the address cited did not exist, and the Housing Authority had no connection to any such premises.

In July of 1989, petitioners sought leave to file an amended notice of claim so as to reflect the correct address. The Supreme Court, however, denied both the application and the ensuing motion for reargument/renewal. In the view of the court, the application was defective in the absence of appropriate proof of the location of the accident. Yet, the proper standard for determining whether to grant permission to rectify a mistake, omission, irregularity or defect in the notice

of claim is set forth in General Municipal Law § 50-e (6), which merely provides that leave to amend may be given at the discretion of the court any time after the service of a notice of claim where the error in question was made in good faith and there does not appear to be any prejudice to the opposing party (see, Krug v City of New York, 147 AD2d 449). In the instant matter, there has never been any dispute concerning the actual location of petitioner's purported fall. He was a municipal employee whose mishap, including the place of occurrence, was immediately described in witness statement reports and a police accident report. Moreover, he was examined and treated by Police Department doctors. His application to amend was submitted approximately nine months after the event. Accordingly, it cannot reasonably be found that respondents suffered any actual prejudice in their ability to investigate the claim such as would warrant petitioners being foreclosed from pursuing an arguably meritorious action merely because of a typographical error. Concur— Murphy, P. J., Milonas, Ellerin, Kupferman and Rubin, JJ.