■ In the Matter of EUGENE COPELAND, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Martin Evans, J.), entered June 29, 1990, which granted plaintiff's motion to serve a late notice of claim, unanimously affirmed, without costs.

Plaintiff was arrested on June 3, 1989, by a Housing Authority Police officer for driving while intoxicated. While the officer allegedly complied with proper procedure by parking plaintiff's vehicle on the public street, plaintiff alleges that he was neither advised of the location of the vehicle, nor given the keys. The vehicle was never located. Seeking recovery for the value of his car, plaintiff mistakenly served a notice of claim on the City of New York on August 29, 1989. In March 1990, after the City rejected the claim on the ground that it was not a proper party, plaintiff moved for leave to serve a late notice of claim on the defendant Housing Authority. The IAS court granted the motion, and defendant appeals.

The IAS court did not abuse its discretion in granting the motion (General Municipal Law § 50-e [5]; see generally, Rodriguez v City of New York, 86 AD2d 533, appeal dismissed 58 NY2d 899). While it is true that law office failure is not a sufficient excuse for failure to timely file a notice of claim (Chattergoon v New York City Hous. Auth., 161 AD2d 141, appeal dismissed 76 NY2d 875), plaintiff's counsel's error was made in a good faith belief that plaintiff had been arrested by New York City Police officers. Notice of the underlying facts was acquired by virtue of the various arrest reports filed by

the officer *(Venezian v City of New York,* 172 AD2d 251). We further note that defendant does not contend that it was prejudiced by virtue of the untimely notice. Concur—Carro, J. P., Milonas, Rosenberger and Kupferman, JJ.