■ JEANETTE RODRIGUEZ, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant.

On October 28, 1989, plaintiff allegedly slipped and fell while descending a stairway of defendant Housing Authority's project at 765 East 163rd Street in Bronx County. Her notice of claim, served on or about December 13, 1989, described the street address and manner in which the accident occurred, but erroneously stated that it occurred in New York County. On February 28, 1990, five days after the General Municipal Law § 50-h hearing was held, plaintiff moved for leave to amend her notice of claim so as to specify the correct county, to which the Housing Authority responded on the merits. The IAS court granted the motion, and the Housing Authority appealed.

The action was commenced on or about December 4, 1990. After issue was joined, the Housing Authority moved to vacate

the prior order and dismiss the complaint on the ground that the prior order was made without personal jurisdiction, and was therefore a nullity. The Housing Authority also argued that the notice of claim was so defective as to be insufficient to satisfy the conditions precedent of General Municipal Law §§ 50-i and 50-e (2). Plaintiff cross-moved to again amend her notice of claim nunc pro tunc, which motion was granted. The Housing Authority took a second appeal.

Initially, the question is presented whether personal jurisdiction over the Housing Authority was acquired on the first motion, and, if not, whether the Housing Authority's failure to object and its opposition on the merits was a waiver of its jurisdictional defense. Clearly, plaintiff should have commenced a special proceeding so as to acquire personal jurisdiction over the Housing Authority, as General Municipal Law § 50-e (6) explicitly provides. Ultimately, however, it is unnecessary to resolve these issues, since the court was justified in granting plaintiff's subsequent cross motion, made after service of the summons and complaint, to amend the notice of claim. Plaintiff's error was made in good faith and did not mislead or prejudice the Housing Authority. *(See, Rivera v City of New York,* 169 AD2d 387.) The Housing Authority did not inquire into the discrepancy at the section 50-h hearing, and, indeed, surely must have known from the address that the building was located in Bronx County. Moreover, plaintiff's first motion to amend the notice of claim, which, if nothing else, provided the Housing Authority with actual notice of the correct location, was made only four months after the accident. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Kassal, JJ.