■ EDDIE PUERTAS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [606 NYS2d 47] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), entered May 23, 1991, which granted the plaintiff's motion for leave to serve an amended notice of claim, and denied the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

After the plaintiff learned that there were two staircases in the building where his accident occurred, he moved for leave to serve an amended notice of claim to specify the staircase upon which he fell (see, General Municipal Law § 50-e [6]). The Supreme Court properly exercised its discretion in granting the motion. The plaintiff established that his initial notice of

claim contained a factual omission which was not made in bad faith, and the defendant has failed to demonstrate that it was prejudiced by this omission (see, *Rodriguez v City of New York,* 179 AD2d 560; *Venezian v City of New York,* 172 AD2d 251). Although the defendant argues that it has been denied its right to conduct a timely investigation of the plaintiff's claim, the record does not indicate that the defendant undertook any investigation in reliance upon the original notice of claim (see, *Zinnamon v City of New York,* 197 AD2d 618). In fact, the record suggests that the defendant would not have even been aware of the fact that there were two staircases in the building where the plaintiff fell, had it not been for the plaintiff's good-faith attempt to provide more specific notice by virtue of the instant motion. It would thus be patently unfair to penalize the plaintiff for his candor when the defendant has not established that the original notice was so imprecise as to prejudice its rights.

In any event, the plaintiff's initial notice of claim stated, *inter alia:* "The incident occurred on the 13th day of June, 1989, on the interior stairs of premises 24 Humbolt Street, Bklyn, NY and more specifically as claimant was walking between the 2nd and 1st floors thereat when claimant * * * fell on and as a result of a broken, uneven, raised, improperly repaired, stairs with debris and liquid thereat and improper and inadequate lighting". That notice of claim was sufficiently particular to enable the defendant a reasonable opportunity to conduct a full and effective investigation of the plaintiff's claims concerning the stairway, notwithstanding that there was a second stairway located in the building (see, *Rivera v New York City Hous. Auth.,* 169 AD2d 414; *Bravo v City of New York,* 122 AD2d 761).

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, Eiber and Pizzuto, JJ., concur.

Balletta, J. P., and Rosenblatt, J., dissent and vote to reverse the order appealed from, on the law, to deny the plaintiff's motion to amend his notice of claim, and to grant the defendant's cross motion to dismiss the complaint, in the following memorandum: There were apparently no witnesses to the accident, and it apparently was not reported to the police or any personnel of the defendant.

At a subsequently-held hearing held pursuant to General Municipal Law § 50-h, the plaintiff testified that there was only one stairwell between the second and first floors, and

that his slip and fall was caused solely by some eggs which were on the steps. Approximately 16 months after that hearing, and 20 months after the accident, the plaintiff moved for leave to serve an amended notice of claim to specify on which of the two staircases in the building he had actually fallen. In support of the motion, the plaintiff's attorney stated that "[r]ecently in conducting an inspection of the premises, we learned that there are, in fact, two staircases running from the upper floors".

The purpose of the statutory notice of claim requirement *(see,* General Municipal Law § 50-e) is to provide a public corporation with an adequate opportunity to investigate the circumstances surrounding an accident and to explore the merits of the claim while information is still readily available *(see, Mazza v City of New York,* 112 AD2d 921; *Caselli v City of New York,* 105 AD2d 251). Prompt and accurate information is especially important in a case such as this which involves an allegedly defective condition that is transitory in nature *(see, Fendig v City of New York,* 132 AD2d 520). The original notice of claim, by failing to specify on which staircase the accident occurred, failed to describe the accident location with sufficient particularity to enable the defendant to conduct a proper investigation of the actual accident site and to otherwise assess the merits of the claim.

The case of *Zinnamon v City of New York* (197 AD2d 618), cited by the majority, is distinguishable. In *Zinnamon,* the notice of claim specified the correct location of the accident but, as the result of a typographical error, listed the wrong date. The record in *Zinnamon* further shows that, although the plaintiff therein did not formally move to amend his notice until a year and a half after the commencement of the action, he had, in fact, reserved a notice of claim on the City with the correct date within just a few days after the expiration of the 90-day claim period and had given the correct date in his complaint and at the 50-h hearing. Here, however, the plaintiff strenuously insisted for nearly two years that there was only one stairway in his building, although both stairways were near his apartment and he had lived in the apartment for approximately eight months prior to the accident.

It is clear then that the defendant was prejudiced because the defect in the notice of claim, compounded by the defects in the plaintiff's testimony at the 50-h hearing, deprived it of the opportunity to conduct the type of prompt and adequate investigation that General Municipal Law § 50-e is intended to provide. Moreover, that prejudice was not dissipated merely

because the plaintiff finally provided the defendant with a specific description of the place where the claim arose more than 19 months after the date of the injury *(see, Serrano v City of New York,* 143 AD2d 652; *see also, Barno v New York City Hous. Auth.,* 185 AD2d 292).

Accordingly, we conclude that the Supreme Court improvidently exercised its discretion when it granted the plaintiff's motion for leave to serve an amended notice of claim, and denied the defendant's cross motion to dismiss the complaint *(see, Serrano v City of New York, supra; Couture v City of New York,* 124 AD2d 776).