■ ELISEO REYES, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [634 NYS2d 2] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered May 2, 1994, which granted plaintiff's motion to amend his notice of claim to reflect the correct address of the building where he was allegedly injured, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 27, 1994, which denied defendant's motion for "renewal/reargument" after deeming it one for reargument only, unanimously dismissed, without costs, as taken from a nonappealable order.

The incorrect description of the building in question as 3121 instead of 3125 Park Avenue, not challenged as anything other than a typographical error, did not cause defendant any prejudice (General Municipal Law § 50-e [6]). First, the highly transient nature of the alleged defect, debris and grease on a stairwell, would have made it impossible for defendant to investigate the defect even if the notice of claim, which was served 46 days after the incident, had given the correct address of the building (see, Baez v New York City Hous. Auth., 182 AD2d 554). Second, defendant owned the entire block of buildings from 3115 to 3125 Park Avenue and knew that there was no building in the block designated as 3121. "[N]umerous cases have upheld notices under circumstances in which the municipal defendant, with a modicum of effort, could have determined the location of the defective condition alleged to have caused injury to the plaintiff." (Lord v New York City Hous. Auth., 184 AD2d 406, 407.) Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.