■ SARA KAMINSKY, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [656 NYS2d 324] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 19, 1996, as granted the cross motion of the defendant City of New York to dismiss the complaint insofar as asserted against it and denied her cross motion for leave to serve an amended notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondent City of New York, the cross motion of the City of New York is denied, the plaintiff's cross motion is granted, and the proposed amended notice of claim is deemed served.

The original notice of claim set forth the exact distance of the alleged sidewalk defect from the southwest corner of Ocean Parkway and West 5th Street in Brooklyn, New York. Annexed thereto was a photograph of the site. However, the original notice of claim incorrectly stated that the alleged defect was located "adjacent to 440 Neptune Avenue", when, in fact, the alleged defect was adjacent to a parking lot next to 440 Neptune Avenue and located at 2940 Ocean Parkway. This error did not come to light until the owner of 440 Neptune Avenue successfully moved to dismiss the complaint insofar as it was asserted against it, over two years after the accident.

A court may, in its discretion, grant an application for leave to serve an amended notice of claim where the mistake was made in good faith and the municipality has not been prejudiced thereby (*see, Illera v New York City Tr. Auth.,* 181 AD2d 658; General Municipal Law § 50-e [6]). Here, the error was clearly made in good faith. Further, since the plaintiff gave the exact location of the accident with measurements, although not required to do so (*see, Matter of Klobnock v City of New York,* 80 AD2d 854), and provided a photograph of the scene, it cannot be said that the City of New York suffered prejudice from the inclusion of an incorrect address (*see, Matter of Santarpia v City of New York,* 231 AD2d 726). The inclusion of the

reference to a street address was superfluous (*see, Herrera v City of New York,* 211 AD2d 759).

In an attorney's affirmation, the defendant City of New York claimed it was so misled that it sent an investigator to the wrong site. However, no affidavit from an investigator who actually visited the site is included in the record (*see, Singer v City of New York,* 226 AD2d 325). Further, since the exact measurements were given, and the actual site was in fact in close proximity to 440 Neptune Avenue, an investigator sent to the site could have ascertained the exact location of the alleged defect " 'with a modicum of effort' " (*Reyes v New York City Hous. Auth.,* 221 AD2d 240; *Lord v New York City Hous. Auth.,* 184 AD2d 406, 407).

Accordingly, leave to serve an amended notice of claim should have been granted. Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.