■ VERONICA EDBAUER, Individually and as Administratrix of the Estate of PHOEBE YELLE, Deceased, Respondent, v HARRIS HILL NURSING FACILITY, Appellant. [667 NYS2d 573] —Order unanimously affirmed without costs. Memorandum: Plaintiff, Veronica Edbauer, individually and as administratrix of the estate of Phoebe Yelle (decedent), commenced this action on June 8, 1995, alleging that defendant, Harris Hill Nursing Facility (Harris Hill), was negligent in its care and supervision of decedent while she was a patient there. Decedent, who was 93 years old at the time of her admission to Harris Hill on June 12, 1992, allegedly fell in a hallway at the facility on June 13, 1992. She was discharged to Harris Hill from a hospital where she had been a patient since June 2, 1992. She was admitted to that hospital after suffering a severe fainting spell and falling in her home.

Harris Hill moved to dismiss the complaint on the ground that it is barred by the 2½-year Statute of Limitations for medical malpractice actions (*see,* CPLR 214-a). Supreme Court agreed with plaintiff that the complaint sounds in common-law negligence and denied the motion on the ground that it is not barred by the three-year Statute of Limitations (*see,* CPLR 214).

Medical malpractice is a form of negligence, and "no rigid analytical line separates the two" (*Scott v Uljanov,* 74 NY2d

673, 674). Conduct will be deemed malpractice, rather than negligence, when it " 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (*Smee v Sisters of Charity Hosp.,* 210 AD2d 966, 967, quoting *Bleiler v Bodnar,* 65 NY2d 65, 72). Additionally, where the allegations in the complaint challenge the facility's assessment of a patient's need for supervision, the conduct at issue constitutes "an integral part of the process of rendering medical treatment" (*Scott v Uljanov, supra,* at 675; *see, Smee v Sisters of Charity Hosp., supra,* at 967). By contrast, when "the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the [facility's] failure in fulfilling a different duty", the complaint sounds in negligence (*Bleiler v Bodnar, supra,* at 73; *see, Weiner v Lenox Hill Hosp.,* 88 NY2d 784, 788). We conclude that Harris Hill's motion was properly denied, but for a reason different from that given by the court. No discovery has yet occurred, and in her bill of particulars plaintiff asserts only that the incident occurred on June 13, 1992 at approximately 10:30 A.M. and is believed to have occurred in a hallway at the facility. Plaintiff stated that she was unable to be more specific. We are unable to determine on this record whether the conduct at issue was "an integral part of the process of rendering medical treatment" so that the complaint sounds in malpractice, or whether the facility failed to fulfill a different duty so that the complaint sounds in negligence. Harris Hill may renew its motion after discovery, if so advised. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Dismiss Complaint.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.