■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE ROGERS, Appellant. [682 NYS2d 841] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 24, 1996, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

The court's *Sandoval* ruling was a proper exercise of discretion. We conclude that, when read in the context of what preceded and followed it, the *Sandoval* ruling (which defendant did not seek to clarify) granted defendant's request that the People be permitted to elicit only the number of defendant's felony and misdemeanor convictions and not, as requested by the People, their nature and underlying facts. Defense counsel's silence following the ruling indicate that this was how counsel interpreted it.

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that they would not warrant reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976). Concur—Sullivan, J. P., Lerner, Rubin and Tom, JJ.

■ JOSE NOYOLA, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [682 NYS2d 842] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about April 22, 1998, denying defendant's motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, without costs.

Defendant's motion to dismiss by reason of alleged defects in plaintiff's notice of claim was properly denied. The imprecisions in the notice of claim cited by defendant could not, under the highly transitory circumstances of this case, have prejudiced defendant's ability to conduct an investigation of the subject incident (*see, Reyes v New York City Hous. Auth.*, 221 AD2d 240). Concur—Sullivan, J. P., Lerner, Rubin and Tom, JJ.