■ MATTIE FIELDS, Individually and as Administratrix of the Estate of LONNIE FIELDS, Deceased, Appellant, v SISTERS OF CHARITY HOSPITAL, Respondent. [714 NYS2d 176] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff's decedent was examined in the emergency room of defendant, Sisters of Charity Hospital. Decedent's daughter reported that her father had suffered a seizure and that his right arm had been affected.

The attending physician ordered medications and directed that decedent be placed on seizure precautions. Because she suspected that decedent had a brain tumor or cerebral bleed, she ordered a CT scan of his head. After decedent had been placed on the examining table, he suffered a violent grand mal seizure. His head struck a portion of the CT scanning equipment and he fell from the table, fracturing his nose. Plaintiff commenced this action more than 2½ but less than 3 years after the hospitalization, seeking damages for the injuries sustained by decedent in that fall. The complaint and bill of particulars allege that defendant was negligent in failing to provide a safe and adequate examining table; in failing to install, maintain and secure the table in a safe and proper manner for its intended use; in negligently placing decedent on the table; in failing to restrain decedent or direct his actions pursuant to the ordered seizure precautions; and in failing properly to supervise decedent.

Defendant moved for summary judgment dismissing the complaint as time-barred. Defendant maintained that its alleged conduct constituted medical malpractice, not ordinary negligence, and that the 2½-year Statute of Limitations applicable to malpractice actions (CPLR 214-a) applies.

Supreme Court erred in granting defendant's motion. Allegations that defendant failed to provide a safe and adequate examining table and that the table was not installed, maintained or secured in a safe and proper manner are allegations of ordinary negligence (*see, Bleiler v Bodnar*, 65 NY2d 65, 73) to which the three-year Statute of Limitations (CPLR 214) applies. With respect to the remaining allegations, defendant failed to sustain its initial burden of negating all triable issues of fact. Defendant failed to establish as a matter of law that the alleged failure to follow the doctor's order that seizure precautions be implemented "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" and amounts to malpractice (*Bleiler v Bodnar, supra*, at 72; *see also, Scott v Uljanov*, 74 NY2d 673, 675) rather than ordinary negligence (*see, Halas v Parkway Hosp.*, 158 AD2d 516, 517; *Rogers v Schuyler*, 158 AD2d 318; *Mossman v Albany Med. Ctr. Hosp.*, 34 AD2d 263, 264; *Staveley v St. Charles Hosp.*, 173 FRD 49). Thus, defendant's motion for summary judgment should have been denied (*see, Edbauer v Harris Hill Nursing Facility*, 245 AD2d 1103). (Appeal from Order of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.