▮ In the Matter of MURRAY SERAITA, Respondent, v CITY OF YONKERS, Appellant. [740 NYS2d 72] —In a proceeding pursuant to General Municipal Law § 50-e (6) for leave to serve an amended notice of claim, the appeal is from an order of the Supreme Court, Westchester County (LaCava, J.), dated May 17, 2001, which granted the petition.

Ordered that the order is affirmed, with costs.

On May 16, 2000, the petitioner allegedly was injured when he tripped over a metal protrusion on the sidewalk. In his original notice of claim served on August 9, 2000, the petitioner alleged that as he was walking toward the curb of the sidewalk, he tripped over a protruding piece of metal which was left when "a parking information pole was removed." He further alleged that the location of the accident was the sidewalk in front of the premises located at One Sadore Lane in Yonkers. The appellant City of Yonkers rejected the notice of claim on the ground, among others, that the notice failed to state the exact location of the accident. In April 2001, the petitioner brought this proceeding to amend the notice of claim to more specifically identify the exact location of the metal protrusion on the sidewalk with measurements.

A court may, in its discretion, grant an application for leave to serve an amended notice of claim where the mistake was made in good faith and the municipality has not been prejudiced thereby (*see,* General Municipal Law § 50-e [6]; *D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *Cyprien v New York City Tr. Auth.,* 243 AD2d 673). Here, the petitioner's notice of claim form, prepared without the help of an attorney, was made in good faith. Furthermore, the appellant

failed to establish that it was prejudiced by the allegedly defective notice of claim. The information contained in the notice of claim was sufficient to enable the appellant to locate the metal protrusion, ascertain the time of the accident, and understand the nature of the accident (*see, Brown v City of New York,* 95 NY2d 389, 393; *O'Brien v City of Syracuse,* 54 NY2d 353, 358). The affidavit from an investigator who actually visited the site after the notice of claim was rejected did not address the traffic pole or what efforts he made to try and locate the metal protrusion. The appellant could have ascertained the exact location of the metal protrusion "with a modicum of effort" (*Lord v New York City Hous. Auth.,* 184 AD2d 406, 407; *see, Cruz v New York City Hous. Auth.,* 261 AD2d 296; *Kaminsky v City of New York,* 238 AD2d 380). Therefore, the petition was properly granted. Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.