■ JOHN KAMEN, Respondent, v CAROL DIAZ-KAMEN, Appellant. [765 NYS2d 800] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated September 4, 2002, as granted that branch of the plaintiff's motion which was to quash a subpoena duces tecum served on the plaintiff's business partner and denied her motion to compel certain discovery and to extend certain discovery deadlines, (2) so much of an order of the same court, also dated September 4, 2002, as denied that branch of her motion which was for leave to renew those branches of her prior motion which were for pendente lite child support and maintenance, and an award of an attorney's fee, which was determined by order of the same court dated June 4, 2001, and (3) stated portions of an order of the same court dated November 6, 2002, which, inter alia, denied that branch of her motion which was, in effect, for leave to extend the deadline to submit the report of her forensic accountant.

Ordered that the orders dated September 4, 2002, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 6, 2002, is modified by deleting therefrom the provision denying that branch of the motion, which was, in effect, for leave to extend the deadline to submit the report of the defendant's forensic accountant, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated November 6, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was, in effect, for leave to extend the deadline to submit the report of her forensic accountant. There was no evidence that the defendant's failure to comply with the court's discovery sched-

ule was willful or intentional (*see Cianciolo v Trism Specialized Carriers,* 274 AD2d 369 [2000]; *McCarthy v Klein,* 238 AD2d 552, 553 [1997]), and thus the defendant should be allowed to submit the report.

However, the Supreme Court properly quashed the nonparty subpoena duces tecum served on the plaintiff's business partner, as the defendant failed to establish that the information sought could not be obtained from other sources (*see Lanzello v Lakritz,* 287 AD2d 601 [2001]).

The defendant's remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.