■ LINFORD MALCOLM, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [770 NYS2d 79]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated September 14, 1999, which granted the motion of the defendant City of New York to dismiss the complaint insofar as asserted against it for failure to timely serve a proper notice of claim as required by General Municipal Law § 50-e.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On September 26, 1997, the plaintiff filed a notice of claim alleging that on July 4, 1997, at approximately 4:00 P.M., police officers arrested and detained him for no reason, and in the process destroyed his property. Admittedly, the notice failed to include the location of the arrest and thus failed to fully comply with the requirements of General Municipal Law § 50-e (2).

Subsequently, the plaintiff was examined as required by General Municipal Law § 50-h and thereafter commenced this action. By notice of motion dated February 17, 1999, the defendant City of New York moved to dismiss the complaint insofar as asserted against it for failure to serve a proper notice of claim, arguing that the notice of claim did not include the location where the incident occurred. The affidavit supporting the motion alleged summarily that the City had been prejudiced by that failure, but failed to state how it had been prejudiced or what investigation, if any, the City had attempted. The City also noted that upon discovering the failure to include a location it had served the plaintiff with a supplemental claim form but that the plaintiff did not return it.

In response, the plaintiff asserted, inter alia, that the notice of claim contained sufficient information to allow the City to properly investigate the claim. The plaintiff's counsel also asserted that she was unaware of the alleged deficiency in the notice of claim until she received the City's motion papers. The Supreme Court granted the motion.

Contrary to the Supreme Court's determination, the motion should have been denied. General Municipal Law § 50-e (6) permits the court to disregard the failure, inter alia, to specify a location if the municipal defendant is not prejudiced thereby. It appears that, as the plaintiff contends, there was sufficient information in the original notice of claim to permit the City to sufficiently investigate the claim.

In any event, the City failed to state how it was prejudiced by the omission of the location. The plaintiff's attorney's affidavit also was sufficient to show that any error in failing to provide the location was made in good faith under all the circumstances of this case. This included the plaintiff's uncontradicted assertion that the location was disclosed to the City at the 50-h hearing. Since the City failed to state what investigation, if any, it undertook upon receiving the notice of claim, no actual prejudice was demonstrated, and there was an insufficient showing that the omission was made in bad faith, the City's motion should have been denied (*see Matter of Seraita v City of Yonkers,* 292 AD2d 456, 457 [2002]).

The City's remaining contentions either are without merit or need not be reached in light of this determination. Ritter, J.P., Florio, Smith and H. Miller, JJ., concur.