■ In the Matter of LYDIA SPEED, Appellant, v A. HOLLY PATTERSON EXTENDED CARE FACILITY, Respondent, et al., Respondents. [781 NYS2d 135]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Jones, J.), dated August 27, 2003, as denied that branch of the petition which was for leave to serve a late notice of claim on the respondent A. Holly Patterson Extended Care Facility.

Ordered that the order is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, that branch of the petition which was for leave to serve a late notice of claim on the respondent A. Holly Patterson Extended Care Facility is granted, and the notice of claim is deemed served on that respondent.

A court may, in its discretion, grant a petition for leave to serve a late notice of claim under General Municipal Law § 50-e (5). In so doing, the court shall consider whether or not the entity sought to be served received timely notice of the claim, whether or not it has been substantially prejudiced, and the reason for the delay (*see Matter of Valestil v City of New York*, 295 AD2d 619 [2002]).

Here, the petitioner is seeking damages for claims sounding in medical malpractice from the respondent A. Holly Patterson Extended Care Facility (hereinafter AHP) for its failure to implement, observe, and take proper medical precautions in light of her known seizure disorder (*see Rey v Park View Nursing Home*, 262 AD2d 624 [1999]; *Stanley v Lebetkin*, 123 AD2d 854 [1986]; *see also Mossman v Albany Med. Ctr. Hosp.*, 34 AD2d 263 [1970]; *cf. Fields v Sisters of Charity Hosp.*, 275 AD2d 1004 [2000]). Contrary to its contention, AHP's medical records were sufficient to put it on notice of the claim in this matter (*see Medley v Cichon*, 305 AD2d 643, 644-645 [2003]; *Matter of Staley v Piper*, 285 AD2d 601, 603 [2001]; *Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671, 673 [1991]; *Matter of Charles v New York City Health & Hosps. Corp.*, 166 AD2d 526, 527-528 [1990]). Furthermore, AHP's conclusory allegations that it was prejudiced due to the mere passage of time was insufficient in light of the facts set out in the medical records and its failure to show what investigation if any, it undertook (*see Malcolm v City of New York*, 2 AD3d 696, 697 [2003]; *Matter of Tomlinson v New York City Health & Hosps. Corp.*, 190 AD2d 806 [1993]; *Matter of Kurz v New York City Health & Hosps. Corp., supra*). While the petitioner's excuse was insufficient, the lack of a sufficient excuse is not fatal in this instance (*see Matter of Shapiro v County of Nassau*, 5 AD3d 690 [2004]). Under these circumstances, that branch of the petition which

was for leave to serve a late notice of claim on AHP should have been granted.

In light of this determination we need not reach the petitioner's remaining contentions. S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.