■ In the Matter of JESSE HABER DEVERNA, Appellant, v INCORPORATED VILLAGE OF LYNBROOK et al., Respondents. [888 NYS2d 770]—

In a proceeding pursuant to General Municipal Law § 50-e (6) for leave to amend a notice of claim, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 12, 2008, as denied that branch of the petition which was for leave to amend the notice of claim to correct the location of the accident.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the petition which was for leave to amend the notice of claim to correct the location of the accident is granted.

A court, in its discretion, may correct, supply, or disregard a "mistake, omission, irregularity or defect made in good faith in the notice of claim" provided the public corporation was not prejudiced thereby (General Municipal Law § 50-e [6]; *see D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]). Here, the omission and lack of specificity in the original notice of claim appear to have been in good faith (*see Miles v City of New York*, 173 AD2d 298, 299 [1991]; *Caselli v City of New York*, 105 AD2d 251, 254 [1984]). Furthermore, it appears that the respondents were not prejudiced by the omission or lack of specificity. The respondents were supplied with the accident location and photographs of the location and the defect as it existed at the time of the accident at a municipal hearing which was held less than two months after service of the notice of claim and approximately four months after the accident (*see Dowd v City of New York*, 40 AD3d 908 [2007]; *Streletskaya v New York City Tr. Auth.*, 27 AD3d 640 [2006]; *Ingle v New York City Tr. Auth.*, 7 AD3d 574 [2004]; *Barnes v New York City Hous. Auth.*, 262 AD2d 46, 47 [1999]). Moreover, even if the original notice of claim had more accurately described the location of the defect, the respondents would not have been able to conduct a more meaningful investigation since the sidewalk was repaved by the respondent Lynbrook Union Free School District shortly after the accident and prior to the service of the original notice of claim (*see Butler v Town of Smithtown*, 293 AD2d 696, 697

[2002]; *Williams v City of New York*, 229 AD2d 114, 116-117 [1997]). Accordingly, that branch of the petition which was for leave to amend the notice of claim to correct the location of the accident should have been granted. Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.