■ KRISTOPHER HERNANDEZ et al., Respondents-Appellants, v CITY OF YONKERS et al., Appellants-Respondents, et al, Defendant. [903 NYS2d 150]—

In an action to recover damages for personal injuries, the defendants City of Yonkers and City of Yonkers Board of Education appeal from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered March 30, 2009, as denied that branch of their motion which was for a protective

order against further depositions of their employees, and granted that branch of the plaintiffs' cross motion which was to compel such further depositions, and the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as, in effect, denied that branch of their cross motion which was for leave to amend the notice of claim and amended complaint with regard to the location of the infant plaintiff's accident.

Ordered that the order is reversed insofar as cross-appealed from, on the facts and in the exercise of discretion, and that branch of the plaintiffs' cross motion which was for leave to amend the notice of claim and amended complaint with regard to the location of the infant plaintiff's accident is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Contrary to the contentions of the defendants City of Yonkers and City of Yonkers Board of Education (hereinafter together the defendants), the Supreme Court did not improvidently exercise its discretion in denying that branch of their motion which was for a protective order against further depositions of their employees and, concomitantly, in granting that branch of the plaintiffs' cross motion which was to compel the defendants to produce the additional witnesses for depositions. "[T]he supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court" (*Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007] [internal quotation marks omitted]; *see Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 408, 410 [2009]). The Supreme Court's provident exercise of discretion in allowing the plaintiffs, who were unable, due to scheduling conflicts, to comply with the deposition schedule set by the court, more time to take the depositions, will not be disturbed on appeal (*see Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d at 410; *Kamen v Diaz-Kamen*, 309 AD2d 784 [2003]; *Harris v City of New York*, 211 AD2d 662, 662-663 [1995]). We note that the defendants had previously agreed to produce the additional witnesses, and based upon that consent, were previously directed by the Supreme Court to produce them (*cf. Williams v City of New York*, 40 AD3d 847, 849 [2007]; *Zollner v City of New York*, 204 AD2d 626, 627 [1994]).

The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to amend the notice of claim and amended complaint

to specify that the incident upon which this personal injury action is based occurred on a playground of the Enrico Fermi School deemed "the upper playground," as opposed to a playground at that school deemed "the lower playground." There is no allegation that the eight-year-old infant plaintiff's error as to which of the two playgrounds was the site of the accident was made in bad faith. Further, one of the defendants' employees witnessed the accident and, after the accident, the school nurse, the school principal, and two teacher's aides, in addition to the teacher's aide who witnessed the accident, attended to the infant plaintiff at the location where he had fallen. As such, the defendants could have ascertained the location of the accident "with a modicum of effort" (*Matter of Seraita v City of Yonkers*, 292 AD2d 456, 457 [2002] [internal quotation marks omitted]; *see Kaminsky v City of New York*, 238 AD2d 380, 380-381 [1997]; *see also Levine v City of New York*, 111 AD2d 785, 787 [1985]). Moreover, the defendants did not submit any evidence demonstrating that they were misled by the error and conducted an investigation of the incident at the wrong site (*see Malcolm v City of New York*, 2 AD3d 696, 697 [2003]; *Puertas v New York City Hous. Auth.*, 199 AD2d 485, 486 [1993]; *cf. Molina v City of New York*, 284 AD2d 511, 512 [2001]; *Jones v City of New York*, 277 AD2d 286 [2000]). Under these circumstances, the defendants failed to establish that they would be prejudiced by the amendment to the plaintiffs' notice of claim and amended complaint to specify that the accident occurred at the "upper" playground. Thus, that branch of the plaintiffs' motion which was to so amend the notice of claim and amended complaint should have been granted (*see* General Municipal Law § 50-e [6]; CPLR 3025 [b]; *Rodriguez v Paramount Dev. Assoc., LLC*, 67 AD3d 767 [2009]; *Lin v City of New York*, 305 AD2d 553, 554 [2003]). Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.