Ruark v City of Glen Cove (2018 NY Slip Op 06286)





Ruark v City of Glen Cove


2018 NY Slip Op 06286


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2016-07333
 (Index No. 602296/12)

[*1]Kayli Ruark, appellant, 
v
City of Glen Cove, defendant, County of Nassau, respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn, Arshia Hourizadeh, Naomi M. Taub, and Lauren Bryant], of counsel), for appellant.
Jared Kasschau, County Attorney, Mineola, NY (Nicholas Vevante and Christi M. Kunzig of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered June 16, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion for leave to amend her notice of claim to state the address of the accident.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and the plaintiff's cross motion for leave to amend her notice of claim to state the address of the accident is granted.
The plaintiff commenced this action alleging that, on September 4, 2011, she fell and was injured after she stepped off a curb and into a trench located in the bike lane of Sea Cliff Avenue in Glen Cove. By notice of claim served upon the defendant County of Nassau (hereinafter the
defendant), dated November 21, 2011, the plaintiff alleged, inter alia, that the location of her accident was approximately 200 feet from the intersection of Sea Cliff Avenue and Glen Cove Road. Thereafter, on April 5, 2012, at a hearing held pursuant to General Municipal Law § 50-h, the plaintiff testified that the accident occurred between 200 feet and one-quarter mile (1320 feet) from the subject intersection, and she identified the side of the street on which the accident took place, the direction in which she had been traveling when she fell, and two witnesses to the accident. The plaintiff further testified that the road was resurfaced approximately three weeks after the accident. By supplemental bill of particulars dated December 31, 2013, the plaintiff identified the address of the accident as 147 Sea Cliff Avenue, which the defendant contends is approximately .14 miles or 740 feet from the subject intersection.
The defendant moved, inter alia, for summary judgment dismissing the complaint [*2]insofar as asserted against it on the basis that the plaintiff did not sufficiently describe the location of the accident in her notice of claim, as prescribed by General Municipal Law § 50-e, and that amending the notice of claim, at that point more than three years after the accident, would cause it prejudice. The plaintiff opposed that branch of the defendant's motion, and cross-moved for leave to amend the notice of claim to state the address of the accident. The Supreme Court, inter alia, granted that branch of the defendant's motion and denied the plaintiff's cross motion.
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see General Municipal Law § 50-e; Davis v City of New York, 153 AD3d 658, 660). The General Municipal Law requires that the notice of claim set forth, among other things, "the nature of the claim" and "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e[2]; see Brown v City of New York, 95 NY2d at 393; Davis v City of New York, 153 AD3d at 660). The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the public entity to " locate the place, fix the time, and understand the nature of the accident'" (Puello v New York City Hous. Auth., 150 AD3d 1164, 1164, quoting Canelos v City of New York, 37 AD3d 637, 638). "Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case" (Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882 [internal quotation marks omitted]; see Ingle v New York City Tr. Auth., 7 AD3d 574, 575).
"[I]n making a determination on the sufficiency of a notice of claim, a court's inquiry is not limited to the four corners of the notice of claim" (Vallejo-Bayas v New York City Tr. Auth., 103 AD3d at 882; see D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893). "A court may consider the testimony provided during an examination conducted pursuant to General Municipal Law § 50-h and any other evidence properly before it to correct a good faith and nonprejudicial technical mistake, omission, irregularity, or defect in the notice of claim" (Davis v City of New York, 153 AD3d at 660; see Castillo v Kings County Hosp. Ctr., 149 AD3d 896, 897; see also General Municipal Law § 50-e[6]). Where the defendant is provided with such evidence correcting the notice of claim within a reasonable time after the accident, there is no prejudice (see Matter of DeVerna v Incoporated Vil. of Lynbrook, 67 AD3d 1009, 1010; Streletskaya v New York City Tr. Auth., 27 AD3d 640, 640-641).
Here, the defendant did not demonstrate, prima facie, that the notice of claim was insufficient. The information contained in the notice of claim, supplemented by the testimony of the plaintiff given a few months thereafter at the General Municipal Law § 50-h hearing, was sufficient to allow the defendant to conduct a meaningful investigation into the plaintiff's claim (see D'Alessandro v New York City Tr. Auth., 83 NY2d at 893; Vallejo-Bayas v New York City Tr. Auth., 103 AD3d at 882-883).
Moreover, the defendant did not demonstrate, prima facie, that it would be prejudiced by the plaintiff's proposed amendment to the notice of claim, which was to state the address of the accident. The plaintiff had testified that there were witnesses to the accident. As such, the defendant could have ascertained the location of the accident " with a modicum of effort'" (Hernandez v City of Yonkers, 74 AD3d 1025, 1027, quoting Matter of Seraita v City of Yonkers, 292 AD2d 456, 457 [internal quotation marks omitted]; see Kaminsky v City of New York, 238 AD2d 380, 380-381). Moreover, the defendant did not submit any evidence demonstrating that it was misled by the error, or that it conducted an investigation at the wrong location (see Hernandez v City of Yonkers, 74 AD3d at 1027; Malcolm v City of New York, 2 AD3d 696, 697). Finally, even if the original notice of claim had contained the address of the defect, the plaintiff testified that the road was resurfaced approximately three weeks after her fall, which was prior to service of the notice of claim (see Matter of DeVerna v Incorporated Vil of Lynbrook, 67 AD3d at 1010-1011; Butler v Town of Smithtown, 293 AD2d 696, 697).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and [*3]should have exercised its discretion to grant the plaintiff's cross motion for leave to amend her notice of claim.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court